IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IYANNA T. MCMULLEN,<br><br>  Plaintiff,<br><br>v.<br><br>PAUL MESSER,<br>MARGARITO ESTEBAN, and<br>MESSER VENTURES LLC,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:24-cv-4649-MHC-CMS |

## **O R D E R**

This matter is before the Court on the application to proceed in forma pauperis ("IFP") and the pro se employment discrimination complaint filed by Plaintiff Iyanna T. McMullen. [Doc. 1.]. McMullen's affidavit of indigency reveals her inability to pay the filing fee or incur the costs of these proceedings. [*Id.*]. The requirements of 28 U.S.C. § 1915(a)(1) having been satisfied, McMullen's request for leave to proceed IFP is **GRANTED** for these proceedings only.

Because McMullen is proceeding IFP, the Court must screen her complaint for frivolity, pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides that a federal court must dismiss an in forma pauperis complaint at any time if the court determines that the action (i) is frivolous or malicious, (ii) fails to state a claim

on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. I have reviewed McMullen's Complaint, and it appears to me that it is subject to dismissal under Section 1915(e)(2).

McMullen's Complaint fails to comply with federal pleading standards, particularly Rules 8 and 10 of the Federal Rules of Civil Procedure. McMullen asserts claims for "discriminatory scheduling, abuse of power, reputation slander, false claims, unfairly disciplined for cellphone use, false unemployment claims," and discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). [Doc. 1-1, Compl. at 1–2]. McMullen indicates that she is complaining about (1) a reduction in wages, (2) working under terms and conditions of employment that differed from similarly situated employees, (3) harassment, (4) retaliation, and (5) termination of her employment. [*Id.* at 7]. McMullen states that she believes that she was discriminated against based on (1) her national origin, African American, (2) her opposition to a practice of her employer that she believes violated the federal anti-discrimination laws or her participation in an EEOC investigation, and (3) violating labor laws. [*Id.*].

McMullen provides the following allegations to support her claims:

December 20th on this day the store supervisor Teressa came and told me to file my new availability if I wanted to receive more hours which I did. She said in order to get more hours I basically have to work weekends and have "flexibility availability" which is untrue there

> [were] Hispanic workers that were able to work early mornings and late nights & get eight hours plus. Minors of other races got more hours than me in one day than I'd get in one week's time. Soon as I wanted to put the early mornings shift as my availability it was an issue. My starter check was more than my first full two week's check. Due to severe amount of discrimination & unfair treatment I received & continued to receive up until I was unlawfully discharged from my position without explanation on Feb. 22nd 2024.

[Compl. at 8].

McMullen has not pled enough facts to support her claims. Although McMullen indicates that she was harassed [Compl. at 7], her Complaint contains no facts to support a harassment claim or to show that any harassment was severe or pervasive enough to support a hostile work environment claim under Title VII. To state a hostile work environment claim, a plaintiff must plead and ultimately prove that: "(1) [s]he belongs to a protected group; (2) [s]he suffered unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee, such as [her national origin or race]; (4) the harassment was sufficiently severe or pervasive to alter the terms of conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of either direct liability or vicarious liability." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020). The Complaint contains no facts to support any of those elements or to support McMullen's

conclusory allegations that she received a "severe amount of harassment." [Compl. at 8].

McMullen also fails to plead facts to support a Title VII retaliation claim. The Complaint contains no facts suggesting that McMullen complained about a practice that she believed violated the federal anti-discrimination laws or that she participated in an EEOC investigation. *See Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (per curiam) ("To state a claim for retaliation under Title VII, a plaintiff must allege that she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action."). McMullen simply states that she experienced issues after she wanted to list her availability for early morning shifts, but she does not explain what those issues were or indicate that she complained about activity that was unlawful under Title VII. [Compl. at 8]. Without more, McMullen has not stated a retaliation claim.

McMullen may be able to plead a plausible Title VII disparate treatment claim based on her allegations that employees of other races or national origins were allowed to work more hours than she was permitted to work or that she was unfairly disciplined for using a cell phone. To do so, however, McMullen must provide some more facts supporting her claim. She should provide facts showing that she and the

4

other employees were similarly situated and that she suffered an adverse employment action. She may also provide facts supporting her contention that Defendants intentionally treated her differently because of her race or national origin. *See Arafat*, 549 F. App'x at 874 (noting that a plaintiff states a disparate treatment claim under Title VII by alleging that "(1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class"). Although McMullen states that she suffered "discrimination" and "unfair treatment" and was "unlawfully discharged," those allegations are conclusory and cannot support a Title VII claim.

McMullen also claims that Defendants violated "labor laws," but she provides no allegations supporting that claim. [Compl. at 7]. McMullen also fails to plead facts supporting her claim that her wages were reduced, other than stating, in a conclusory fashion, that her "starter check was more than [her] first full two weeks' check." [*Id.*]. Further, although McMullen indicates that she intends to assert claims for "abuse of power," "reputation slander," "false claims," and "false unemployment claims," she provides no facts to support any of those claims. [*Id.* at 2, 8].

5

Finally, McMullen named two individuals, Paul Messer and Margarito Esteban, as defendants. [Compl. at 1]. The Complaint, however, contains no facts relating to those individuals. In any event, McMullen may not assert Title VII claims against Messer and Esteban. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (holding that "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act").

For the above reasons, McMullen's complaint fails to comply with Rule 8(a). Because McMullen is proceeding without an attorney, she has a right to amend her complaint before dismissal with prejudice where a more carefully drafted amended complaint might state a claim upon which relief may be granted. *See, e.g., Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). If McMullen does not wish to amend her complaint, she must give "a clear indication that [s]he does not want to amend [her] complaint." *Id.* (internal quotation marks and citation omitted).

If McMullen elects to submit an amended complaint, she shall identify any additional factual bases for her claims and bring the complaint in compliance with

Federal Rules of Civil Procedure 8 and 10.[1] The amended complaint must contain a short and plain statement of all of McMullen's claims against Defendants and must separate each cause of action into a different count. McMullen must present each claim, identify the facts and acts by Defendants that support each claim, and identify the legal theories under which she is proceeding. Each allegation must be simple, concise, and direct so as to give Defendants fair notice of what the claims are and the grounds upon which they rest. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. McMullen should remove all conclusory, vague, and immaterial facts from her amended complaint. Finally, the amended complaint must also comply with Local Rule 5.1.[2]

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Although there is no required technical form, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Rule 10 requires that each claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

[2] Local Rule 5.1 specifies the type and format required for documents presented to the Court for filing. LR 5.1, NDGa. It includes the requirement that documents be double-spaced between the lines and specifies the fonts, margins, and captions required, among other things. *Id.*

Although I must and will "give liberal construction to the pleadings of pro se litigants," they still are "'required . . . to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). I also cannot act "as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Consistent with the foregoing, I **ORDER** McMullen either to (A) submit an amended complaint or (B) submit a filing stating that she does not wish to amend her complaint **WITHIN TWENTY-EIGHT DAYS** of the entry date of this Order. I will then prepare for the Court a Report and Recommendation with respect to whether dismissal under Section 1915(e)(2) is warranted.

I **STAY** service of process pending further review of McMullen's complaint or amended complaint.

**SO ORDERED**, this 17th day of October, 2024.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE