# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IYANNA TYJAE MCMULLEN, *Plaintiff*, v. MESSER VENTURES, LLC, *Defendant*. | CIVIL ACTION FILE NO. 1:24-cv-4649-MHC-CMS |

## DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Messer Ventures, LLC requests the Court dismiss Plaintiff Iyanna McMullen's Amended Complaint (Doc. 4). Even construed liberally, the Amended Complaint fails to allege facts sufficient to put Messer Ventures or the Court on notice of the basis of her claims. This is because McMullen's Amended Complaint makes vague and conclusory allegations and fails to support a reasonable inference that Messer Ventures is liable for those claims. If, however, the Court disagrees, Messer Ventures asks that the Court order McMullen, pursuant to Rule 12(e), to seek leave of the Court and redraft her complaint with sufficient clarity to allow Messer Ventures to frame a responsive pleading.

## BACKGROUND

McMullen's Amended Complaint purports to bring four claims: (1) "hostile work environment and harassment," in violation of Title VII of the Civil Rights Act of 1965; (2) defamation under Georgia law; (3) "disparate treatment," in violation of Title VII; and (4) intentional infliction of emotional distress under Georgia law. *See* (Doc. 4 at 8). In support of her hostile work environment claim, she alleges that she "experienced repeated derogatory comments and personal attacks by supervisors" and her "complaints to the owner, Mr. Paul Messer, were ignored, allowing a hostile work environment to persist." (Doc. 4 at 7). In support of her discrimination claim, she alleges that she was disciplined for cellphone use while others, "particularly those of Hispanic origin, used their phones without consequence," and that Messer Ventures "disproportionately scheduled Hispanic employees for more hours than [McMullen]." *Id.*

As for her defamation claim, McMullen alleges that "[s]upervisors made defamatory statements" about her, "alleging egregious conduct that was false and damaging to [her] character." *Id.* McMullen alleges that Messer Ventures "submitted incorrect employment information that led to [her] denial of unemployment benefits," and "made malicious and false statements to law enforcement." *Id.* at 8,

16.[1] Finally, as to her IIED, she alleges only that Messer Ventures' "actions including slander, harassment, and retaliation, were conduct with intent to harm [her] emotionally and financially." *Id.* at 8.

## ARGUMENT

McMullen's Amended Complaint makes clear that her claims stem from her employment with Messer Ventures and provides the legal basis for her claims—disparate treatment, harassment, defamation, and intentional infliction of emotional distress. But beyond that, the Amended Complaint contains no non-conclusory factual allegations which could support any of those claims or allow Messer Ventures to respond to the claims.

**I.     McMullen's Amended Complaint fails to state claim**

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does notice pleading standard does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the 'grounds' of h[er] 'entitlement to relief' requires more than labels and

---

[1] In light of the liberal construction given to *pro se* pleadings, this motion treats facts raised in McMullen's "Supplemental Brief," Doc. 4 at 12–20, as part of her Amended Complaint.

conclusions"; it requires detail sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). In determining whether complaint meets this burden, a court must "ignore any threadbare recitals of the elements of a cause of action that the complaint supports with only conclusory statements." *McCarthy v. City of Cordele*, 111 F.4th 1141, 1145 (11th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678) (cleaned up).

None of McMullen's claims meet this standard. Her Title VII claims fail to provide sufficient detail to support a plausible inference either that she was subject to disparate treatment based on race or that she was subject to a hostile work environment. As for her state law claims, she fails to even identify what statements she claims were defamatory or who made them, and the allegations supporting her IIED claim are purely conclusory.

**A. Title VII**

At the pleading stage, a plaintiff must allege facts that allow a reasonable inference that she was subject to some adverse employment action on the basis of a protect characteristic (here, her race or national origin). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). And for a hostile work environment claim under Title VII a plaintiff has to plead facts showing—or allowing a reasonable inference—that (1) she belongs to a protected group; (2) she has been the subject of

4

unwelcome harassment; (3) that harassment was based on her membership in the protected group; (4) her harassment was sufficiently severe or pervasive that it altered the terms and conditions of her employment; and (5) her employer was responsible for that harassment either directly or vicariously. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

With regard to her claim of discrimination, McMullen pleads only that Messer Ventures "disproportionately scheduled Hispanic employees" for more hours than her and disciplined her for cellphone use but not Hispanic employees. Doc. 4 at 6. As for her hostile work environment claim, she alleges that she "experienced repeated[,] derogatory comments and personal attacks by [s]upervisors, specifically from Mrs. Margarito Esteban," and that Messer Ventures failed to investigate her unidentified complaints of discrimination. *Id.*

These allegations are insufficient to state a claim for either discrimination or a hostile work environment. Beyond the conclusory allegation that her alleged mistreatment was because of her race, the allegations fail to identify a decisionmaker who scheduled, or provide any facts supporting a plausible inference that that decisionmaker or group of decisionmakers scheduled her for fewer hours than others because of her race or national origin. Likewise, he threadbare description of the conduct supposedly constituting harassment lacks any specificity beyond identifying the supervisor allegedly responsible for the conduct. She does not describe the

content of the "derogatory" remarks, identify any time she complained of them to management, state how frequently the remarks occurred, or in any other way provide specific factual content that could justify an inference that she was subject to severe or pervasive mistreatment.

### B. State law claims

McMullen also purports to raise two state law claims: defamation and intentional infliction of emotional distress. Doc. 4 at 7–8, 16–17. As an initial matter, if the Court agrees that the Amended Complaint fails to state a claim under Title VII, it need not consider whether McMullen has stated a claim under state law, and should instead simply decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (quotation marks omitted)). Regardless, McMullen's state law claims are supported by even less factual content than her federal claims.

### 1. Defamation

Under Georgia law, defamation generally requires that the defendant have (1) made a false and defamatory statement concerning the plaintiff; (2) in an unprivileged communication to a third party; (3) made with at least negligence with

regard to the truth or falsity of the statement; (4) causing harm to the plaintiff. *See Saye v. Deloitte & Touche, LLP*, 295 Ga. App. 128, 129–30 (2008). The Amended Complaint fails to plead facts sufficient to show any but the last of these elements. It does not identify the purportedly false statements that form the basis of McMullen's claim, the speaker of those statements, or allege any facts supporting an inference that the unidentified speaker knew or had reason to know that the statements were false. The Amended Complaint thus fails to state a viable defamation claim.

### 2. IIED

A claim of IIED in Georgia requires a plaintiff to show that the defendant (1) intentionally or recklessly (2) engaged in conduct that was "extreme or outrageous," (3) causing emotion harm to the plaintiff, and that (4) the harm was severe. *Jordan v. Kimpton Hotel and Restaurant Grp., LLC*, 368 Ga. App. 750, 759 (2023). The conduct alleged must be more than "mere insults, indignities, threats, annoyances, petty oppressions or other vicissitudes of daily living." *Id.* (quoting *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 454 (2007)). Instead, the conduct must be "so extreme . . . as to be go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yarborough v. SAS Sys.*, 204 Ga. App. 428, 429 (1992).

As with her defamation claim, McMullen's Amended Complaint fails to identify the particular statements or other conduct by Messer Ventures' employees that constituted "extreme or outrageous" conduct. *See Jordan*, 368 Ga. App. at 759. In support the claim she gives the only the conclusory allegations that Messer Ventures' "action including slander, harassment, and retaliation, were conducted with intent to harm [her] emotionally and financially." Doc. 4 at 7.

## II. At a minimum, the Court should order McMullen to replead her claims with sufficient detail to enable Messer Ventures to respond

When a claim is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," an order requiring the plaintiff to provide a more definite statement of her claims is appropriate. Fed. R. Civ. P. 12(e). As explained above, McMullen's Amended Complaint fails to make non-conclusory allegations that give notice to Messer Ventures of the factual bases of her claims. Moreover, McMullen's Amended Complaint comes with myriad photographs and other attachments—some annotated, some not—clearly intended to convey some meaning. But because even the annotations are vague as to their purpose, and none of the attachments is identified as relating to any particular claim, Messer Ventures cannot respond to the implicit allegations contained in them. In order to allow Messer Ventures to frame a responsive pleading, it should be provided at least those basic facts.

## CONCLUSION

McMullen's Amended Complaint fails to allege specific facts which could give rise to a reasonable inference that she was discriminated against, subject to a hostile work environment, subject to defamation, or subject to outrageous conduct. The Court should dismiss her Amended Complaint. At the very least, the Court should order McMullen to draft redraft her complaint such that it gives Messer Ventures reasonable notice of the factual basis for her claims against it.

Respectfully submitted this 31st day of January, 2025.

                                        **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Russell A. Britt* |
| Suite 2900 | RUSSELL A. BRITT |
| Atlanta, Georgia 30303 | Georgia Bar No. 473664 |
| (404) 954-5000 / (404) 954-5020 Fax | ALLISON C. AVERBUCH |
| rbritt@hallboothsmith.com | Georgia Bar No. 275988 |
| aaverbuch@hallboothsmith.com | HENRY M. CLELAND |
| hcleland@hallboothsmith.com | Georgia Bar No. 663931 |

                                        *Counsel for Messer Ventures, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief is set in 14-point, Times New Roman type and is fewer than 25 pages, in compliance with Local Rules 7.1(D) and 5.1(D).

Dated January 31, 2025.

                                          **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Russell A. Britt* |
| Suite 2900 | RUSSELL A. BRITT |
| Atlanta, Georgia 30303 | Georgia Bar No. 473664 |
| (404) 954-5000 / (404) 954-5020 Fax | ALLISON C. AVERBUCH |
| rbritt@hallboothsmith.com | Georgia Bar No. 275988 |
| aaverbuch@hallboothsmith.com | HENRY M. CLELAND |
| hcleland@hallboothsmith.com | Georgia Bar No. 663931 |

                                          *Counsel for Messer Ventures, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** upon all counsel of record by electronically filing the same via the CM/ECF filing system and on all unrepresented parties by electronic mail as follows:

Iyanna T. McMullen
54 Herbert Hayes Drive
Lawrenceville, Georgia 30068
LOrxxsamurai@gmail.com
*Plaintiff pro se*

This 31st day of January, 2025.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 Fax
rbritt@hallboothsmith.com
aaverbuch@hallboothsmith.com
hcleland@hallboothsmith.com

**/s/ Russell A. Britt**
RUSSELL A. BRITT
Georgia Bar No. 473664
ALLISON C. AVERBUCH
Georgia Bar No. 275988
HENRY M. CLELAND
Georgia Bar No. 663931

*Counsel for Messer Ventures, LLC*